UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER JOLLY, ) | |
| ) | Case No. 1:01-CR-00501-AA |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE ANN ALDRICH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | MEMORANDUM & ORDER |
| ) | |
| ) | |

Before this court is petitioner Christopher Jolly's Writ of Audita Querela [Doc. No. 40] filed pursuant to 28 U.S.C. § 1651 (hereafter "Audita Querela Writ"). For the following reasons, the Audita Querela Writ is dismissed.

**I.    Background**

On October 30, 2001, Jolly was indicted on the following four counts: (1) and (2) possession with intent to distribute cocaine base (crack cocaine), in violation of 21 U.S.C. § 841(a)(1); (3) Possession of a firearm in connection with a drug trafficking offense, in violation of 18 U.S.C. § 924 (c)(1); and (4) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922 (g)(1) and § 924 (a)(2) [Doc. No. 5]. Subsequently, on June 14, 2002, pursuant to a written Rule 11 plea agreement, Jolly pled guilty to Counts 1 and 4 of the indictment. The plea agreement contained a provision waiving his appeal rights, which included rights conferred under 28 U.S.C. § 2255. Jolly was sentenced to 120 months of imprisonment, followed by eight years of supervised release. He did not appeal.

On July 11, 2003, Jolly filed a pro se motion to vacate, set, aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Case No. 1:03CV1355, Doc. No. 1]. On September 2, 2003, he filed another motion asserting virtually identical grounds for relief [Case No. 1:03CV1832, Doc. No. 1]. The court considered the two motions together because both were substantively the same. The motion was denied on January 26, 2004 [Case No. 1:03CV1832, Doc. No. 6].

On September 28, 2007, Jolly filed an Audita Querela Writ requesting that this court review his claims and his conduct in a fact finding hearing. As grounds for relief, Jolly asserts that Drug Enforcement Agency Agent Lee Lucus may have engaged in improper conduct to obtain his drug conviction.[1] Lucas' conduct and credibility was called into serious question when he was implicated in the wrongful imprisonment of fifteen individuals who were released in January 2008.

**II.   Law and Analysis**

A number of district courts within the Sixth Circuit have held that "[i]n the criminal context . . . a writ of *audita querela* may not be used to challenge a conviction when other remedies exist, such as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255." *Evan v. United States*, 3:05-cv-112, 3:95-cr-157, 2005 U.S. Dist. LEXIS 42254, at *8 (E.D. Tenn. March 8, 2005); *see also Dillard v. United States*, No. 1:99 CR 249, 2008 WL 4449083, at *2 (N.D. Ohio Sep. 23, 2008).

Despite labeling it an Audita Querela Writ, Jolly's motion is a collateral attack on his conviction and sentence that must be pursued under 28 U.S.C. § 2255. *See Dillard*, 2008 WL 4449083, at *8. This is Jolly's second action challenging the validity of his convictions and sentences; therefore, he must first obtain permission from the Sixth Circuit before attempting to file

---

[1] Judge Gwin is currently considering a motion for a new trial filed on February 22, 2008, based on similar allegations against Lucas.

in district court. *See Halliburton v. United States*, 59 F. App'x. 55, 56 (6th Cir. 2003) (citing, *inter alia*, 28 U.S.C. § 2244(b)(3)(A) and § 2255(h)). Jolly has not yet obtained such authorization; thus, this court lacks jurisdiction to adjudicate the claim.

**III.   Conclusion**

Because this is Jolly's second attempt to collaterally attack his conviction and sentence and he has not yet received authorization from the Sixth Circuit to file such a § 2255 claim, the district court lacks subject matter jurisdiction to adjudicate this matter. Therefore, the Audita Querela Writ is hereby dismissed and Jolly is instructed to file a motion pursuant to 28 U.S.C. § 2255 after first obtaining permission from the Sixth Circuit.

IT IS SO ORDERED.

s/Ann Aldrich<br>
ANN ALDRICH<br>
UNITED STATES DISTRICT JUDGE

**Dated: December 17, 2009**